FILED

2018 Nov-08  PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE; and THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ) ) ) ) )<br><br>Plaintiffs, )<br> )<br>Vs. )<br> )<br>THE RIDER NETWORK, LLC; )<br>MIDWEST MOTORSPORTS, LLC dba )<br>STR8UP SXS SERIES; CHARLES )<br>OUSLEY; CULLMAN COUNTY )<br>COMMISSION dba STONEY )<br>LONESOME OHV PARK; CULLMAN )<br>COUNTY COMMISSION CHAIRMAN )<br>KENNETH WALKER; )<br>COMMISSIONER KERRY WATSON; )<br>COMMISSIONER GARRY )<br>MARCHMAN; CULLMAN COUNTY )<br>PARKS AND RECREATION )<br>DIRECTOR, DOUG DAVENPORT; )<br>KIM DUNCAN, as the )<br>ADMINISTRATRIX of THE ESTATE of )<br>ERIN ELIZABETH DUNCAN, deceased; )<br>ASHLEY RICHEY, as the )<br>ADMINISTRATRIX of THE ESTATE of )<br>LAWRENCE RICHEY, deceased; )<br>JENNIFER BENSON; MICHAEL )<br>SHIRLEY; MICHAEL TESTER; )<br>JOSHUA McCORMICK; and MICHAEL )<br>WARREN )<br> )<br>Defendants. ) | CIVIL ACTION NO.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, and

THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Individually and Severally

Subscribing to Policy No. 18LB1103 ("Underwriters"), by and through their attorneys, Christian

& Small and Karbal, Cohen, Economou, Silk & Dunne, LLC, for their Complaint for Declaratory Judgment against Defendants, The Rider Network, LLC ("Rider"); Midwest Motorsports, LLC dba Str8up Sxs Series ("Midwest"); Charles Ousley ("Ousley"); Cullman County Commission dba Stoney Lonesome OHV Park ("Cullman"); Cullman County Commission Chairman Kenneth Walker ("Walker"); Commissioner Kerry Watson ("Watson"); Commissioner Garry Marchman ("Marchman"); Cullman County Parks and Recreation Director, Doug Davenport ("Davenport"); Kim Duncan ("Duncan"), as the Administratrix of The Estate of Erin Elizabeth Duncan, deceased; Ashley Richey ("Richey"), as the Administratrix of The Estate of Lawrence Richey, deceased; Jennifer Benson ("Benson"); Michael Shirley ("Shirley"); Michael Tester ("Tester"); Joshua McCormick ("McCormick"); and Michael Warren ("Warren"), state as follows:

<u>**NATURE OF THIS ACTION**</u>

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 wherein Plaintiffs seek a declaration that the claims of Defendants Duncan, Richey, Benson, and Warren and the potential claims of Defendants Shirley, McCormick, and Tester all arise from a single occurrence.

2.     Plaintiffs Underwriters seek a declaration by this Court concerning the rights and obligations of Plaintiffs under the Policy issued by Plaintiffs to Defendant Rider that was endorsed to provide coverage for Defendant Midwest with respect to the declared "Hill Climb" motorsports event on April 22, 2017.

## THE PARTIES

3.     Underwriters are those persons and entities who subscribe to Commercial General Liability Coverage Form, Certificate Number 18LB1103 (the "Policy"), which is attached hereto as Exhibit A.

4.     Underwriters consist of the International Insurance Company of Hannover SE and the Talbot 2002 Underwriting Capital Ltd syndicate.

5.     International Insurance Company of Hannover SE is an insurance company headquartered in Hannover, Germany.

6.     Talbot 2002 Underwriting Capital Ltd is an incorporated association with members all domiciled in England and Wales.

7.     Defendant The Rider Network, LLC ("Rider Network"), the Named Insured on the Policy, is a Wisconsin corporation with its principal place of business in Sheboygan, Wisconsin.

8.     Defendant Midwest Motorsports, LLC dba Str8up Sxs Series ("Midwest") is an Indiana corporation with its principal place of business in Corydon, Indiana.

9.     Defendant Charles Ousley is an Ohio citizen who, upon information and belief, resides in Vinton County, Ohio.

10.     Defendant Cullman County Commission dba Stoney Lonesome OHV Park ("Cullman") is a government entity located in Cullman County, Alabama.

11.     Defendant Cullman County Commission Chairman Kenneth Walker ("Walker") is an employee of Cullman, which is a government entity located in Alabama.

12.     Defendant Cullman County Commissioner Kerry Watson ("Watson") is an employee of Cullman, which is a government entity located in Alabama.

13.  Defendant Cullman County Commissioner Garry Marchman ("Marchman") is an employee of Cullman, which is a government entity located in Alabama.

14.  Defendant Cullman County Parks and Recreation Director, Doug Davenport ("Davenport") is an employee of Cullman County Parks and Recreation, which is a government entity located in Alabama.

15.  Defendant Kim Duncan ("Duncan"), as the Administratrix of The Estate of Erin Elizabeth Duncan, deceased, is an Arkansas citizen who, upon information and belief, resides in Washington County, Arkansas.  In the matter of the Estate of Erin Elizabeth Duncan, Case No. 44PR-17-56, is pending in the Fourth Judicial Circuit of Arkansas, Division 7.

16.  Defendant Ashley Richey ("Richey), as the Administratrix of The Estate of Lawrence Richey, deceased, is an Kentucky citizen who, upon information and belief, resides in Warren County, Kentucky.  The Estate of: Rickey, Lawrence "Lance" Earl, Case No. 17-P-00298, is pending in the Commonwealth of Kentucky, Warren District Court.

17.  Defendant Jennifer Benson ("Benson") is an Arkansas citizen who, upon information and belief, resides in Washington County, Arkansas.

18.  Defendant Michael Shirley ("Shirley") is an Alabama citizen who, upon information and belief, resides in Tuscaloosa County, Alabama.

19.  Defendant Michael Tester ("Tester") is a Kentucky citizen who, upon information and belief, resides in Warren County, Kentucky.

20.  Defendant Joshua McCormick ("McCormick") is an Alabama citizen who, upon information and belief, resides in Russell County, Alabama.

21.  Defendant Michael Warren ("Warren") is an Alabama citizen who, upon information and belief, resides in Lee County, Alabama

22.    The location where the underlying incident occurred is Stone Lonesome OHV Park, 10075 AL-69, Bremen, Alabama 35033.

## JURISDICTION AND VENUE

23.    The Policy's limit of liability is $1,000,000 each occurrence.    Defendants Duncan, Richey, and Benson seek to recover at least $3,000,000 under the Policy with respect to the claims brought against Defendant Midwest alone.  Plaintiffs have already received four separate demands totaling $3,600,000.00.

24.    This Court has jurisdiction over this cause by virtue of 28 U.S.C § 1332(b), in that there is complete diversity of citizenship between Plaintiffs, on the one hand, and Defendants, on the other hand, and the amount of controversy (*e.g*., the $1,000,000 Policy limit) exceeds the sum or value of $75,000, exclusive of interest and costs.

25.    Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events (*e.g.* the underlying incident pertinent to Defendants Duncan's; Richey's; Benson's; Warren's; Shirley's; Tester's; and McCormick's claims or potential claims) occurred in Cullman County, Alabama.

## GENERAL BACKGROUND ALLEGATIONS

26.    Underwriters issued a commercial general liability insurance policy, Policy No. 18LB1103, effective October 6, 2016 to October 6, 2017 (the "Policy") to the Named Insured, Rider Network, subject to all the terms and conditions stated therein.  (The Policy is attached hereto as Exhibit A.)

27.    On August 21, 2017, Defendant Midwest notified Underwriters of a loss that occurred on April 22, 2017 at Stoney Lonesome OHV Park, located at 10075 AL-69, Bremen, Alabama 35033.

28.     On August 24, 2017, Underwriters' factual investigation revealed that the loss concerned possible bodily injuries to several individuals when Defendant Ousley, in his Polaris RZR Side By Side (the "Vehicle"), veered off the hill climb race course during his descent portion of the course, causing him to leave the course and enter an area prohibited to spectators.  It is alleged that the Vehicle struck or nearly struck several individuals in that prohibited area, thereby causing them injury.

29.     Underwriters' factual investigation has identified the following individuals as having reported sustaining bodily injuries as a result of this loss:  Defendants Jennifer Benson, Michael Shirley; Michael Tester; Joshua McCormick; Michael Warren; and decedents Lawrence Richey; and Erin Duncan.

30.     On August 21, 2017, Defendant Midwest forwarded Underwriters a copy of a letter from Defendant Warren's counsel dated August 7, 2017, which requested that Defendant Midwest's insurer contact counsel for Defendant Warren with respect to Warren's injuries sustained on April 22, 2017 at the event held by Defendant Midwest.

31.     On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Erin Duncan, deceased, had sustained fatal injuries after having been struck by the Vehicle when Defendant Ousley veered off course.

32.     On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Lawrence Richey, deceased, had sustained fatal injuries after having been struck by the Vehicle when Defendant Ousley veered off course.

33.     On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Defendant Benson had been transported to the UAB Hospital

in Birmingham, Alabama for treatment after having been struck by the Vehicle when Defendant Ousley veered off course.

34.    On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Defendant McCormick had been transported to the UAB Hospital in Birmingham, Alabama for treatment after having been struck by the Vehicle when Defendant Ousley veered off course.

35.    On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Defendant Tester had sustained bodily injuries to his leg after avoiding being struck by the Vehicle when Defendant Ousley veered off course.

36.    On September 18, 2017, Defendant Midwest forwarded Underwriters an incident report that stated that, on April 22, 2017, Defendant Shirley had sustained bodily injuries to his ankle after avoiding being hit by the Vehicle when Defendant Ousley veered off course.

37.    On March 22, 2018, Defendant Warren made a settlement demand for $600,000 against Defendant Midwest.

38.    Defendants Duncan and Richey have filed suit.  The Underlying Lawsuit, captioned *Kim Duncan, as the Administratrix of The Estate of Erin Elizabeth Duncan, deceased; et al., vs. Charles Ousley, individually; et al.,* Case No. CV-17-900404, is pending in the Circuit Court of Cullman County, Alabama (the "Underlying Lawsuit").  (Attached hereto as Exhibit B is a copy of the second amended complaint filed in the Underlying Lawsuit.)

39.    On October 11, 2018, Defendants Duncan, Richey, and Benson each made separate $1,000,000 settlement demands against Defendant Midwest.

## THE UNDERWRITERS POLICY

40.   Underwriters issued a commercial general liability insurance policy, Policy No. 18LB1103, effective October 6, 2016 until October 6, 2017 (the "Policy") to the Named Insured, Rider Network.  (Exhibit A.)

41.   The Limit of Insurance per Each Occurrence is $1,000,000.00.  The Declarations Page of the Policy provides as follows:

**This Declaration Page is attached to and forms part of certificate provisions (Form SLC-3).**

**Previous No.** NEW        **Authority Ref. No**. B133815AL10001        **Certificate No.** 18LB1103

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**1.    INSURED:**
   (a) Named Insured: RIDER NETWORK
       Named Insured's Address: 1539 N 33RD PLACE, SUITE A
                                SHEBOYGAN, WI 53081

**2.    POLICY PERIOD:**
   From: 10/06/2016      To: 10/06/2017
                   both days at 12:01 A.M. local standard time at the Named Insured's
                   address shown above.

**3.    LIMITS OF INSURANCE:**

| | |
|---|---|
| General Aggregate Limit: | $3,000,000 |
| *** | |
| Each Occurrence Limit: | $1,000,000 |
| *** | |
| Medical Expense Limit: | $Excluded   *** |
| Participant Legal Liability – Each Occurrence | $1,000,000 |
| Participant Legal Liability – Aggregate | $3,000,000 |

***

(Exhibit A.)

42.   Defendant Midwest is an insured under the Policy, but only with respect to declared events happening on specific dates identified by endorsement onto the Underwriters' Policy. Midwest was an insured under the Policy for a "Hill Climb" on April 22, 2017.  The Report

Form Endorsement of the Policy reads, in pertinent part:

*This endorsement changes the Policy. Please read it carefully.*

**COMMERCIAL GENERAL LIABILITY ENDORSEMENT**

**REPORT FORM – E1602BB-0513**

This endorsement modifies insurance provided under following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Declared Event(s): April 2017

|  | TENANT USER | EVENT NAME AND CLASS | TERM OF COVERAGE | CERTIFICATE NUMBERS | PREMIUM | Fees | STATE AMENDEMENTS |
|---|---|---|---|---|---|---|---|
| *** |  |  |  |  |  |  |  |
| 50. | Midwest Motorsports | Hill Climb | 04/22/2017 |  | *** | *** |  |
| *** |  |  |  |  |  |  |  |

(Exhibit A.)

43.   The Insuring Agreement of Section I – Coverage A of the Amendment of Insuring Agreement – Known Injury of Damage endorsement of the Policy provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT OF INSURING AGREEMENT –
KNOWN INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL    GENERAL    LIABILITY    COVERAGE    PART (OCCURRENCE VERSION)

Paragraph **1. Insuring Agreement** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**1.   Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at

our discretion, investigate any "occurrence" and settle any claim or "suit"
that may result. But:

**(1)** <u>The amount we will pay for damages is limited as described in Section</u>
   <u>**III** – Limits Of Insurance</u>; and

**(2)** <u>Our right and duty to defend end when we have used up the applicable</u>
   <u>limit of insurance in the payment of judgments or settlements under</u>
   <u>Coverages **A** or **B** or medical expenses under Coverage **C**.</u>

No other obligation or liability to pay sums or perform acts or services is
covered unless explicitly provided for under Supplementary Payments –
Coverages **A** and **B**.

(Exhibit A.)

44. The Limits of Insurance provision of Section III of the Policy reads, in pertinent part:

**SECTION III – LIMITS OF INSURANCE**

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the
   most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

   **\*\*\***

**5.** Subject to Paragraph **2**. or **3**. above, whichever applies, the Each Occurrence
   Limit is the most we will pay for the sum of:

   **a.** Damages under Coverage **A**; and

   **b.** Medical expenses under Coverage **C**

   because of all "bodily injury" and "property damage" arising out of any one
   "occurrence".

(Exhibit A.)

45. Paragraph 2 of the Limits of Insurance provision is modified by the Motorsports Legal

Liability to Participants – Racing endorsement as follows:

*This endorsement changes the Policy. Please read it carefully.*

**COMMERCIAL GENERAL LIABILITY ENDORSEMENT**

**MOTORSPORTS LEGAL LIABILITY TO
PARTICIPANTS – RACING – E1602BI-0613**

This endorsement modifies insurance provided under the following:
   COMMERCIAL GENERAL LIABILITY COVERAGE PART
   **\*\*\***
   C.  Limits of Insurance

1. **SECTION III—LIMITS OF INSURANCE**, Paragraph **2.** is replaced by the following:
   2. The General Aggregate Limit is the most we will pay for the sum of:
      **a.** Medical Expenses under **Coverage C**;
      **b.** Damages under **Coverage A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard";
      **c.** Damages under **Coverage B**; and
      **d.** Damages under **COVERAGE—LIABILITY TO "PARTICIPANTS."**
2. The following is added to **SECTION III—LIMITS OF INSURANCE**: Subject to **2.** above, the Liability to Participants Limit shown in the Declarations is the most we will pay for the sum of all damages under **Coverage D** because of all "bodily injury" to "participants" arising out of any one "occurrence."

(Exhibit A.)

46.    Occurrence under the Policy is defined as follows:

**SECTION V – DEFINITIONS**
***
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Exhibit A.)

<u>COUNT I</u>
<u>DECLARATORY JUDGMENT</u>

47.    Underwriters incorporate by reference paragraphs 1-46 above as though fully set forth herein.

48.    Plaintiffs seek a declaration from this Court confirming that the claims of Defendants Duncan, Richey, Benson, Warren, and potential claims of Defendants Shirley, Tester, McCormick arise from a single occurrence.

49.    An actual controversy exists between Plaintiffs, on the one hand, and the Defendants, on the other hand, with respect to the availability of coverage under the Policy and the applicability of the limits of liability.

50.    Plaintiffs have a bona fide, actual, present, and practical need for a judicial declaration that the loss is limited to the $1,000,000 Each Occurrence limit of liability on the basis that the claims of Defendants Duncan, Richey, Benson, and Warren, and the potential claims of Defendants Shirley, Tester, and McCormick arise from a single occurrence.

51.    Pursuant to 28 U.S.C § 2201 and F.R.C.P. 57, this Court has the authority to declare the rights, status, obligations, and other legal relations of the parties under the terms and provisions of the Policy.

52.    The Court must construe an insurance contract in its entirety, striving to give every provision meaning and effect.

53.    On April 22, 2017, an accident occurred at Defendant Cullman's premises in which Defendant Ousley veered off the hill climb race course during his descent portion of the course, thereby allegedly causing bodily injuries to Defendants Benson, Warren, Shirley, Tester, and McCormick and decedents Erin Duncan and Lawrence Richey.

54.    Under the Policy, "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  (Exhibit A.)

55.    Under both Alabama and Wisconsin law and the cause theory, there is one "accident" or "occurrence" where a single, uninterrupted cause resulted in all of the injuries and damage.

56.    The alleged injuries sustained by Defendants Benson, Warren, Shirley, Tester, and McCormick and decedents Erin Duncan and Lawrence Richey resulted from the same single, uninterrupted cause – Defendant Charles Ousley veering off the hill climb race course into a single group of people located in an area that was prohibited to spectators.

57.   Therefore, the accident outlined in paragraph 56 involving Defendants Benson, Warren, Shirley, Tester, and McCormick and decedents Erin Duncan and Lawrence Richey is a single "occurrence" as defined in the Policy.

58.   Defendant Duncan has made a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

59.   Defendant Richey has made a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

60.   Defendant Benson has made a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

61.   Defendant Warren has made a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

62.   Defendant Tester may make a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

63.   Defendant Shirley may make a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

64.    Defendant McCormick may make a demand for damages for bodily injuries arising from the accident on April 22, 2017 at Cullman's premises and in relation to the Midwest "Hill Climb" event endorsed onto the Policy.

65.    The Policy plainly and unambiguously states, at Section III – Limits of Insurance, that the Policy contains an "Each Occurrence limit." (Exhibit A.)

66.    The "each occurrence" limit of liability gives meaning and effect to subsections 1 of 5 of Section III – Limits of Insurance of the Policy.  Therefore, the limit of liability applies on an "each occurrence" basis.

67.    Therefore, Plaintiffs have no obligation to pay any loss, defense fees, or benefits in an amount greater than $1,000,000 total under the Policy with respect to the claims of Defendants Duncan, Richey, Benson, Warren and the potential claims of Defendants Tester, Shirley, and McCormick.

68.    This controversy is of sufficient immediacy to justify the issuance of declaratory relief by this Court.

69.    The issuance of declaratory relief by this Court will terminate this controversy between the parties.

WHEREFORE, Plaintiffs, INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE, and THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Individually and Severally Subscribing to Policy No. 18LB1103, respectfully request that this Honorable Court enter judgment declaring that the claims of Defendants Duncan, Richey, Benson, and Warren and the potential claims of Defendants Tester, Shirley, and McCormick arise from a single

occurrence and grant Plaintiffs such other further relief as the Court deems just and equitable under the circumstances.

Dated this 7th day of November, 2018

Respectfully submitted,

*s/Christina May Bolin*
CHRISTINA MAY BOLIN (ASB-6582-R80M)
GABRIELLE E. REEVES (ASB-0041-E58G)
ASHLEY L. CRANK (ASB-7020-H16R)
Attorney for Plaintiffs, International Insurance Company of Hannover SE and Those Certain Underwriters at Lloyd's, London

CHRISTIAN & SMALL, LLP
Christina May Bolin
Email: cmbolin@csattorneys.com
Gabrielle E. Reeves
Email: gereeves@csattorneys.com
Ashley L. Crank
Email: alcrank@csattorneys.com
1 Timber Way, Ste. 101
Daphne, AL  36527
251.415.9280